FREDERICK W. DUSING and Others, Suing Individually and as Members of Rock Drilling, Blasting, Roads, Sewers, Viaducts, Bridges, Foundations, Excavations and Concrete Work on All Construction, Hod Carriers, Building and Common Laborers Local Union No. 17, and on Behalf of All Other Members of Said Local Union Similarly Situated, Respondents, *v.* SAMUEL NUZZO, Individually and as Financial Secretary and Treasurer of Said Local Union No. 17, and Others, Appellants.*

Third Department, December 12, 1941.

*Henry Hirschberg* and *David Copans*, for the appellants.

*Charles De La Vergne* and *Francis Martocci* and *Boudin, Cohn & Glickstein* [*Hyman N. Glickstein, Charles De La Vergne* and *Francis Martocci* of counsel], for the respondents.

PER CURIAM. Defendants appeal from judgments of Special Term, Albany county, entered in the office of the clerk of Ulster

* Modfg. and affg. 177 Misc. 35.

county in an action brought for a permanent injunction and to compel the rendition of detailed financial reports to the membership of Local Union No. 17 and as well to compel the holding of an election of officers, delegates and business representatives of said labor union in accordance with the provisions of its constitution.

Local Union No. 17, of which the plaintiffs in this action are members, is a branch of the International Hod Carriers, Building and Common Laborers' Union. It is governed by the constitution and general rules of the International and by its own local constitution, the latter requiring the rendition by the secretary and treasurer at each regular meeting of " a detailed written report showing all monies received by him and from what sources," and at the regular meeting at least once each month " a detailed written report showing the financial transactions and standing of the local." The constitution further provides for an audit of the secretary-treasurer's books each quarter and a detailed quarterly report of such audit. The constitution of the local union also provides for the holding of an annual election of officers, delegates and business representatives. No election has been held since 1937 and no detailed financial reports have been made. It appears that in the main there is no dispute as to the facts. The court found that the plaintiffs have exhausted whatever remedy existed within the International by application to its officers, and that redress from that source has been effectually denied and ignored.

The judgment of Special Term, dated October 16, 1941, and entered November seventh of that year, ordered and decreed that an election of officers, delegates and business representatives be held by defendants, and further required defendants to render a full and complete detailed accounting of all receipts, income, moneys and property received by them from each and every member of the local union and of all moneys paid out and all expenditures made from 1936 to the date of the judgment. It is also provided that the defendants call a special meeting of the membership of the local union for the purpose of making nominations of officers, delegates and business representatives and provided that such meeting be called for the last Sunday in October, 1941.

The original judgment as presented provided for the use of voting machines at the election. This provision was stricken therefrom by the justice presiding at Special Term. Thereafter, the judgment dated October 16, 1941, was amended upon the *ex parte* application of plaintiffs' attorney and as so amended provided that the election be conducted by the use of an adequate number of voting machines and changed the date for the special meeting of the membership for the purpose of permitting the

members to make nominations from the last Sunday in October to the 16th day of November, 1941. The decision, which, as in the original judgment, bears date October 16, 1941, contains no finding that the election shall be conducted with the use of voting machines.

The decision of Special Term should be modified and a finding made by this court providing that the election of officers, delegates and business representatives shall be conducted by secret ballot with the use of an adequate number of voting machines. The judgment dated October 16, 1941, should be amended to likewise provide that the election shall be conducted by the use of voting machines and said judgment as modified should provide that the special meeting to be called for the purpose of permitting the membership to make nominations shall be held on a date to be fixed by this court. As so amended, the decision and judgment, dated October 16, 1941, should be affirmed, with costs, and the amended judgment, dated November 3, 1941, and granted on the *ex parte* application of plaintiffs, should be vacated. The judgment for costs to plaintiffs, dated November 7, 1941, should be affirmed.

Present — HILL, P. J., BLISS, HEFFERNAN, SCHENCK and FOSTER, JJ.

The court modifies the decision of Special Term by striking therefrom the Conclusion of Law No. 18 and substituting therefor the following Conclusion of Law:

18. The plaintiffs are further entitled to judgment directing the defendants to hold an election of officers, delegates and business representatives of the Local Union, said election to be conducted by the use of an adequate number of voting machines and pursuant to the terms of the judgment herein entered as modified by this court.

The judgment herein, dated October 16, 1941, and recorded in the office of the clerk of Ulster county November 7, 1941, is amended to read as follows:

Ordered, Adjudged and Decreed that under the terms of the Constitution of Rock Drilling, Blasting, Roads, Sewers, Viaducts, Bridges, Foundations, Excavations and Concrete Work on all Construction, Hod Carriers, Building and Common Laborers Local Union No. 17, hereinafter called the Local Union, annual elections of officers, delegates and business representatives were and are required to be held annually in June of each year by secret ballot; and it is further

Ordered, Adjudged and Decreed that under the terms of said Constitution, the defendants herein and particularly the defendant,

Samuel Nuzzo, as Financial Secretary-Treasurer of the Local Union, were and are required to render detailed financial reports and accounts monthly and quarterly to the membership of the Local Union as set forth in the said Constitution; and it is further

Ordered, Adjudged and Decreed that the orders and directions contained in the letters sent by James Bove, Vice President of the International Hod Carriers, Building and Common Laborers Union of America, affiliated with the American Federation of Labor, hereinafter called the International Union, to the defendants as officers of the Local Union, under date of October 25, 1937, and November 3, 1937, that the Local Union refrain from calling or holding any membership meetings and otherwise restricting or interfering with the holding of meetings of the Local Union, were in excess of any power or authority of the International Union or of said James Bove and were improper, unauthorized, unlawful and void; and it is further

Ordered, Adjudged and Decreed that the orders and directions contained in the said letters sent by James Bove, Vice President of the International Union, to the defendants as officers of the Local Union that the actions of the Executive Board of the Local Union were to receive the approval of said James Bove before being put into effect, were in excess of any power or authority of the International Union or of said James Bove and were improper, unauthorized, unlawful and void; and it is further

Ordered, Adjudged and Decreed that there was no power or authority on the part of either the International Union or of said James Bove to direct the superseding or suspension of the officers of the Local Union or to direct that said officers were to be relieved of the duties entrusted to them under the Local Constitution; and it is further

Ordered, Adjudged and Decreed that there was no power or authority on the part of either the International Union or of said James Bove to prohibit or to interfere with the holding of the annual elections of officers, delegates and business representatives of the Local Union or the rendering of the financial reports to the membership as provided for and required by the Constitution of the Local Union; and it is further

Ordered, Adjudged and Decreed that nothing in the aforesaid letters of James Bove, Vice President of the International Union, to the defendants as officers of the Local Union under date of October 25, 1937, and November 3, 1937, restricted or prohibited the holding of the annual elections of officers, delegates and business representatives of the Local Union, or the rendering of monthly and quarterly financial reports to the membership as provided

for and required by the Local Constitution; or authorized or empowered the defendants to fail or refuse either to hold said annual elections or to render the financial reports and accountings to the membership of the Local Union, as provided for and required by the Local Constitution; and it is further

Ordered, Adjudged and Decreed that the failure and refusal of the defendants to render such financial reports and accountings to the membership of the Local Union was and is in violation of the Constitution of the Local Union and was and is improper, unauthorized and unlawful; and it is further

Ordered, Adjudged and Decreed that the failure and refusal of the defendants to hold annual elections of officers, delegates and business representatives in accordance with the provisions of the Constitution of the Local Union was and is in violation thereof, and improper, unauthorized and unlawful; and it is further

Ordered, Adjudged and Decreed that the action of the defendants in purporting to extend their respective terms of office on or about January 11, 1938, for a period of five years was and is improper, unauthorized and unlawful, and was and is null and void; and it is further

Ordered, Adjudged and Decreed that an election of officers, delegates and business representatives of the Local Union be held by the defendants, as provided by the Constitution of the Local Union, subject to and in accordance with the following terms and directions, to wit:

(1) Promptly upon the entry of this judgment and service of a copy thereof with notice of entry upon the attorneys for the defendants, the defendants shall call a special meeting of the membership of the Local Union for the purpose of permitting the membership to make nominations of officers, delegates, and business representatives of the Local Union in accordance with the provisions of the Local Constitution. Said meeting shall be called for Sunday, the 28th day of December, 1941, to convene at the usual hour at which membership meetings of the Local Union have regularly been called; and said meeting shall be held at the usual meeting place of the Local Union or at some other appropriate and accessible place with adequate accommodations for the membership.

(2) The defendants shall send notice of said meeting by mail, postage prepaid, to each member of the Local Union not less than five days before the date of said meeting, addressed to each member at the address stated on the records of the Local Union. Notices of such meeting and the purposes thereof shall also be posted

conspicuously at the offices of the Local Union in Newburgh, Kingston and Kerhonkson, New York, and on all bulletin boards customarily used for notices by the Local Union at the scene or vicinity of all jobs on which members of the Local Union are employed and over which the Local Union has jurisdiction.

(3) In accordance with the provisions of the Local Constitution, no member shall be eligible to be a candidate for office unless he has been in continuous good standing in the Local Union for at least one year next prior to his candidacy. All other provisions of the Local Constitution relating to the eligibility and qualifications of candidates for office shall likewise be complied with.

(4) In accordance with the provisions of the Local Constitution, the Local Union shall elect three judges at said nomination meeting as an Election Committee. None of said judges shall be a candidate for any office. It shall be the duty of said Committee to determine whether those nominated are eligible to the office for which they have been nominated; if said Committee finds any of the nominees disqualified, it shall immediately report the same to the Local Union at the same meeting, and the Local Union may then place in nomination another person, or persons, for such office.

(5) The election shall be held on a Sunday to be fixed by the membership at said nomination meeting which, however, in accordance with the provisions of the Local Constitution shall be not less than fifteen days and not more than one month after the date of the nomination meeting. Said election shall be held simultaneously in Newburgh, Kingston and Kerhonkson, New York, at such places in said localities as the Local Union may designate at said nomination meeting. The polls shall be open from 9 A. M. to 6 P. M. on the date of the election. At said nomination meeting, appropriate announcements shall be made to all the members in respect to the date of the election, the location of the polling places, the hours of voting and all other details in respect to the conduct of said election. Notices containing the said information shall be sent by mail, postage prepaid, by the defendants to each member of the Local Union addressed to such member at the address last stated for him on the records of the Local Union. Notices containing said information shall also be posted conspicuously at the offices of the Local Union in Newburgh, Kingston and Kerhonkson, New York, and on all bulletin boards customarily used by the Local Union for notices at the scene or in the vicinity of all jobs over which the Local Union has jurisdiction.

(6) The election shall be conducted by secret ballot with the use of an adequate number of voting machines obtained by the Election Committee on behalf of the Local Union for that purpose,

Sample ballots setting forth the date, hours of voting and places where the election is to be conducted, together with the names of the candidates for the respective offices shall likewise be posted conspicuously at the several offices of the Local Union and at the scene or in the vicinity of the various jobs within the jurisdiction of the Local Union as aforesaid, not less than one week prior to the date of the election.

(7) The Election Committee shall prepare the ballot to be used in the voting machines, placing the names of the candidates thereon in the order in which they are nominated for their respective offices. In accordance with the provisions of the Local Constitution, the voting machines so prepared, shall be under the supervision of the Election Committee and shall be placed at the polling places, as herein provided, for voting on the day of the election, from the hours of 9 A. M. to 6 P. M., by every member of the Local Union in good standing and paid up in his initiation fees and in his dues for the month of September, 1941, and authorized to vote under the Local Constitution. A member of the Election Committee shall stamp or mark the dues book of each member as he takes his place to vote in order to show that he has voted.

(8) In accordance with the provisions of the Local Constitution, the conduct of the election and the counting of the ballots shall be under the supervision of the Election Committee, except that each candidate for a salaried office may designate two members in good standing at each polling place to act as watchers while the voting is going on and while the votes are being counted, as provided in the Constitution.

(9) In accordance with the provisions of the Local Constitution, where there are only two candidates for an office, a majority of the votes cast for that particular office shall be necessary to elect; but where there are more than two candidates for a particular office, the member receiving the largest vote cast for that particular office shall be elected. In case of a tie vote, the election for that particular office between the tie candidates shall be the first order of business at the next regular meeting of the Local Union, which shall be conducted in the same manner as hereinbefore set forth; and it is further

Ordered, Adjudged and Decreed that all expenses and disbursements incurred by the Election Committee in respect to the carrying on of the election shall be borne by the Local Union; and it is further

Ordered, Adjudged and Decreed that the parties hereto may hereafter apply in this action to this Court for such other and further directions and relief as may be necessary for the proper

holding of said election hereinabove directed or for other appropriate relief in connection therewith; and it is further

Ordered, Adjudged and Decreed that the defendants herein and each and every officer and representative of the Local Union, their attorneys, agents, servants and employees, and all persons acting in concert with them, directly or indirectly, and each of them, be and they hereby are permanently enjoined and restrained from in any way interfering with or preventing the holding of said election as hereinabove set forth and directed; and it is further

Ordered, Adjudged and Decreed that the defendants, and each of them, render to the plaintiffs a full, complete and detailed accounting as to any and all receipts, income, moneys and property received by the defendants from each and every member of the Local Union for dues, initiation fees, death assessments, special assessments or otherwise, and including any and all receipts, income, moneys and property received from any and all other sources whatever on behalf or for the account of the Local Union or any of its members, and as to any and all moneys paid out by the defendants on behalf of the Local Union, including but not limited to disbursements for per capita taxes, death benefits, salaries, wages, taxes, legal fees, accountants' fees, rents, organizational expenses and any and all other payments and expenditures of any and every kind whatever, from the date of the reorganization of the Local Union in 1936 up to the date hereof; and it is further

Ordered, Adjudged and Decreed that the defendants file a verified account as aforesaid and serve a copy of the same on the attorneys for the plaintiffs as to all of the items and matters hereinabove mentioned within twenty (20) days from the date of the entry of this judgment and service of a copy of same with notice of entry upon the attorneys for the defendants; and it is further

Ordered, Adjudged and Decreed that prior to the filing of their objections, if any, to the said account of the defendants, the plaintiffs shall be permitted through their attorneys, agents and accountants or any of them, to inspect and to take copies of and photographs during the regular business hours of the Local Union for a period of three weeks from the date of the delivery of the said verified account to their attorneys, and any and all of the books, papers and records of the Local Union, including the minute books, ledgers, assessment books, membership lists, bankbooks, checkbooks, cash receipts and disbursements books, bank statements and any and all other books, papers and records in the possession and/or control of any of the defendants pertaining to the business and affairs of the Local Union for the period covered by the accounting herein directed; and it is further

Ordered, Adjudged and Decreed that upon the rendition of such accounting and the final settlement of the account, the defendants shall be directed to turn over and pay into the treasury of the Local Union such sums of money, property, funds and assets as may be found to be due and owing to the Local Union and its members upon the said accounting; and it is further

Ordered, Adjudged and Decreed that the defendants, their attorneys, agents, servants and employees and all persons acting in concert with them, directly or indirectly, and each of them, be and they hereby are enjoined and restrained from hearing, proceeding with or prosecuting the charges against the plaintiffs hereinabove referred to, or any other disciplinary proceedings against any of the plaintiffs, until after the holding of the election of officers, delegates and business representatives herein directed; and it is further

Ordered, Adjudged and Decreed that the defendants, their attorneys, agents, servants and employees and all persons acting in concert with them, directly or indirectly, and each of them be and they hereby are permanently enjoined and restrained from interfering with or discriminating against any of the plaintiffs in their right to work as members of the Local Union on all jobs coming within its jurisdiction or from removing any of the plaintiffs from any jobs on which they may be employed, or from denying the plaintiffs or any other members of the Local Union employment on any jobs, or from interfering in any manner whatsoever, directly or indirectly with any of the rights, privileges and benefits of any members in good standing of the Local Union, including the plaintiffs herein, by reason of any of the matters or things hereinabove referred to; and it is further

Ordered, Adjudged and Decreed that the parties hereto may apply at the foot of this judgment to the Court herein for such other and further directions and relief as may be necessary in this action, including the final judgment settling the aforesaid account of the defendants; and it is further

Ordered, Adjudged and Decreed that the plaintiffs have costs and disbursements against the defendants and that said costs be taxed by the Clerk of Ulster County; and it is further

Ordered, that the said judgment of October 16, 1941, as herein modified, be and the same is hereby affirmed, with costs, together with the disbursements of this appeal, to the respondents.

Further ordered that the stay of the judgment be and the same hereby is vacated.

Judgment for costs, dated Kingston, N. Y., November 7, 1941, and signed by the clerk of the Supreme Court of that county, unanimously affirmed.