JOHN BIANCO, Plaintiff, v JAMES EISEN, as President of Dental Technicians Equity, Chapter 101, F. A. E. C. T., C.I.O., et al., Defendants.

Supreme Court, Special Term, New York County, October 25, 1944.

*Sidney O. Raphael* for plaintiff.

*Joseph Tauber* for defendants.

NULL, J. The motion is addressed to the sufficiency of the amended complaint. In the first of the two causes of action, it is alleged that the plaintiff, having been duly elected and installed as a member of the executive board of the defendant

labor union, has been prevented from continuing to perform his duties as such, without just cause or warrant. It is pleaded that without notice of any charges against him, in contravention of the pertinent by-laws, the plaintiff was arbitrarily and capriciously suspended from his office by the remaining members of the executive board.

The right of the plaintiff to maintain this action to be restored to his place on the executive board is challenged upon the ground that his grievance is unrelated to a threatened or actual pecuniary loss, such as the impairment of the right to work, a loss of salary and the like. It is urged that plaintiff's suspension from office, although alleged to have been wrongfully accomplished, fails to constitute the deprivation of a property right, which alone would permit the court to assume jurisdiction.

It is doubtful whether the terms " property right " or " property interest ", as they have been applied in cases of this character, may be said to exclude every connotation except that associated with pecuniary considerations. The most recent instance of the broad application of these words is reflected in the opinion in *Dusing* v. *Nuzzo* (177 Misc. 35, mod. 263 App. Div. 59). In that case Mr. Justice BERGAN, defining the conditions for jurisdiction in actions involving the internal affairs of a labor union, declared that the impairment of the " equivalent " of a property right would be sufficient to justify equitable intervention. It was there held that the failure to hold an election of officers was the deprivation of a property right or its equivalent.

The executive board of a labor union is vested with authority and discretion to consider and make decisions affecting, among other things, the economic interests of its members. That members of such a body may serve without compensation is of no moment. It is the nature of the office rather than its perquisites which give it substance. One elected to membership on such a board may be said to have been entrusted with a post of great confidence and responsibility. The unimpeded exercise of the functions of elective office, such as membership on the executive board of a labor union, is a right so fundamental as to be deemed the equivalent of a property right.

I should prefer, however, to rest the determination of this motion upon grounds more cogent than the appraisal of legalistic terms. It is unnecessary to stress the significant relationship of the labor union to the general pattern of economic life. Statutory enactments and judicial decisions have given

appropriate recognition to the status of the labor union as an acknowledged instrumentality for the attainment by workers of objectives affecting their economic and general welfare. Unyielding regard for organizational form alone, to the exclusion of the realities of function and purpose, should not be the touchstone of equitable jurisdiction. Substance, and not contour exclusively, should be the test of judicial authority.

Where there has been a fair adherence to the by-laws and rules of the union and, in addition, where the remedies thereby established for the redress of grievances have not been exhausted, or after resort to such remedies, a determination was there duly made, there is no warrant for judicial intervention in the internal affairs of a union. On the other hand, where it is established that the by-laws and rules have been violated and resort to the internal processes for relief is unavailable or futile, I am of the opinion, that jurisdiction in controversies concerned with the internal affairs of labor unions, should be determined on broad equitable principles.

Whether the plaintiff can substantiate his contentions is not determinable upon this motion, where only the legal sufficiency of the complaint is under review. It is alleged that without due process and in violation of the by-laws of the union, a duly elected member of the executive board was denied the proper exercise of his office. It is, in effect, a charge that the will of the members, as expressed by them in an election, has been annulled. If true, such action would constitute conduct repugnant to the democratic concept and clearly an assertion of the deprivation of a fundamental and substantial right. Upon such a showing, neither the union nor the officer affected should be denied appropriate remedy.

Accordingly, the first cause of action is sufficient in law.

The second cause of action, however, for an accounting sets forth no basis for such relief and is wholly inadequate.

The motion to dismiss the complaint is denied as to the first cause of action and granted as to the second. The defendants have leave to serve their answer within ten days after the service of a copy of the order entered hereon, with notice of its entry.