THEODORE G. DALEY, Individually and as Secretary-Treasurer of Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local Union No. 445, and on Behalf of All Other Members of Said Union Similarly Situated, et al., Respondents, v. FRANCIS L. STICKEL, Individually and as Secretary-Treasurer of Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local Union No. 445, et al., Appellants.

Third Department, July 25, 1956.

*Normington Schofield, Victor D. Levitt, Jr.,* and *William H. Pearse* for appellants.

*Francis Martocci* and *Robert M. Ortale* for respondents.

*Per Curiam.* Appeal from an order granting a temporary injunction upon the motion of the plaintiffs and denying the defendants' motion to dismiss the complaint for insufficiency.

The complaint alleges that certain of the plaintiffs were elected officers of Local Union No. 445 of the Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America at a meeting held on December 12, 1955 and that the defendants have refused to recognize the officers and that they propose to hold a further election which, it is alleged, would be illegal. The complaint sought a judgment declaring that the election of officers on December 12, 1955 was valid and directing the defendants to turn over the books, records and funds of the local union to the officers so elected and granting other relief. The Special Term granted a temporary injunction restraining the defendants from holding any further nomination or election meeting and generally from interfering with the rights and privileges of the members of the local union. The defendants had made a cross motion to dismiss the complaint for insufficiency on the ground that it did not allege the exhaustion of the plaintiffs' remedies within the union but the Special Term denied this motion, holding that it had been sufficiently made to appear that any further efforts by the plaintiffs to obtain relief within the framework of the union would have been futile. While the complaint is not as explicit on this point as it might be, we think that, liberally construed, it contains sufficient allegations to support this holding. It is well settled that if it is found that " resort to the internal processes of the organization for redress " would be futile, recourse may be had to the courts for relief (*Dusing* v. *Nuzzo*, 177 Misc. 35, 36, mod. and affd. 263 App. Div. 59). Furthermore, it is questionable whether all the aspects of the controversy fall within the provisions for intramural relief contained in the union constitution.

Upon this appeal, the plaintiffs-respondents sought an enlargement of the scope of the temporary injunction, but since no cross appeal had been taken by the plaintiffs-respondents, we have no power to grant that relief upon the appeal. Any application for additional injunctive relief *pendente lite* should be made at Special Term.

Since the plaintiffs had made a prima facie showing of the validity of the election held on December 12, 1955 the Special Term properly exercised its discretion in enjoining the holding of a further election at the instance of the defendants. However, if the parties to the controversy are willing to stipulate that a new election shall be held under the supervision of an appropriate State agency or of a referee to be appointed by the court, we will entertain an application to modify the temporary injunction to permit the holding of such an election. In making this suggestion, we do not intimate any views as to the validity

of the election heretofore held but we make the suggestion solely in an effort to expedite a final solution of the controversy. The order appealed from should be affirmed, with $10 costs.

FOSTER, P. J., BERGAN, COON, HALPERN and ZELLER, JJ., concur.

Order appealed from affirmed, with $10 costs.