THEODORE G. DALEY, Individually and as Secretary-Treasurer of Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local Union No. 445, and on Behalf of All Other Members of Said Union Similarly Situated, et el., Respondents, v. FRANCIS L. STICKEL, Individually and as Secretary-Treasurer of Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local Union No. 445, et al., Appellants.

Third Department, May 23, 1958.

*Nathaniel H. Brower* and *Victor D. Levitt, Jr.,* for appellants.

*Francis Martocci and Robert M. Ortale* for respondents.

*Per Curiam.* Plaintiffs, individually and as members of Local No. 445 of the Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, have recovered a judgment against defendants which declared among other things that plaintiffs are the duly elected officers of the said local union as the result of an election held at an adjourned meeting of the said local on December 12, 1955. Said judgment has also made permanent, temporary injunctions in force at that time. The matter was previously before this court. (See *Daly* v. *Stickel,* 2 A D 2d 287.)

The Referee who heard the matter below made 70 findings of fact and 31 conclusions of law, starting with the foundation of the national union; the founding and organization of Local No. 445; the manner and method in which the same was operated by the defendants; the number of members attending the meeting on December 12, 1955; the number of members that were transferred on December 13, 1955; finances of the said local, that defendants Stickel and Massiello were convicted of a crime and were duly expelled from the said union at the meeting on December 12, 1955; that said defendants were present at said meeting at the time the above motion was made and that some of them were present during the meeting when the nominations and election of officers took place, the fact that many members of the local did not vote at the elections on December 12 was in no way attributable to the plaintiffs and that the said meeting on that particular night was the largest in the history of the union.

There were many other findings concerning the internal workings of Local No. 445.

This appeal is concerned with the sole question as to the validity of the election of the plaintiffs at a union meeting held on December 12, 1955 at Yonkers, New York.

Whether the said meeting was legal depends upon the validity of the attempt of the executive committee to adjourn the same.

The union is governed by " Constitution of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America " and certain pertinent parts thereof having to do with the Local are set forth herein:

Section 2 of article XIV of the constitution provides: " All local unions must hold meetings at least once a month."

Section 1 of article XXI, provides: " Each local union shall have the right to make such by-laws as it may deem advisable, providing they do not conflict with the laws of the International Union." (None are said to have been made here.)

Section 5 of article XXI provides in part: "Nominations of officers shall take place in November or December. The election shall follow at the next meeting, provided, however, that if it is so voted by the membership * * * prior to the election meeting, the election many be held at such other place * * * as may be designated by the local executive board. * * * Where the nominee is unopposed at the regularly designated nomination meeting, there shall be no necessity for the election of such nominee and he shall be declared duly elected at such nomination meeting."

Section 5 of article XXI also significantly provides: " The General President is authorized to change the time and place of nomination and election provided for in this section."

It appears and the Referee found that at the membership meeting on October 10, 1955, the defendant Stickel, who was secretary-treasurer and chairman of the meeting, announced that nominations for officers of the local union for a term to commence January 1, 1956, would be held at the membership meeting in the city of Newburgh on November 14, 1955. It appears that prior to that date, November 14, the defendants Stickel and Massiello were confined to jail as a result of their conviction in Federal court and Valentino appeared at the meeting and announced that nominations would take place at the meeting in the city of Yonkers on December 12. It does not appear that the membership actually voted on such adjournment but the members that were present acquiesced in the suggestion made by Valentino. Prior to the December meeting, Stickel and Massiello had been released on bail and according to

4

the findings made by the Referee, they were concerned with whether they would be able to control the meeting. The executive committee met on the morning of December 12 and announced the membership meeting for that night was adjourned until further notice.

It further appears that at the meeting on December 12, at the time and place scheduled, 275 or more of the membership were present; that after some confusion the meeting was called to order, a motion was made, seconded and voted upon by the membership which revoked the membership of Stickel and Massiello because of their conviction, which was in accordance with article XVIII (§ 13, subd. a) and that both were present at the time the motion was made and approved. While these two and several others were present, the chairman of the meeting called for nomination of officers, as the result of which the plaintiffs were elected.

The defendants in their briefs and arguments make much of the fact that many of the members were deprived of their right to vote although it appears that the meeting on December 12 was the largest in the history of the union. If some members failed to attend, it was in no way due to the actions or conduct of the plaintiffs. The reason given for the adjournment was neither legal nor justified.

From the provisions of the constitution quoted above, it is conclusive that the executive committee or board had no authority to adjourn the membership meeting of December 12, 1955. Such action could only be taken by the membership of the local or by the general president of the international. The election therefore was legal and valid and the plaintiffs became the new officers of the local.

The judgment and order appealed from should be affirmed, with costs.

FOSTER, P. J., BERGAN, COON, GIBSON and HERLIHY, JJ., concur.

Judgment and order affirmed, with costs.