William J. GAW, Joseph Sammartino and Joseph L. Carelly, Appellants,

v.

Robert HIGHAM, Harry Kaufman, Abraham Schwartz, Frank Zangara, James R. Hoffa and John English, Appellees.

No. 13786.

United States Court of Appeals
Sixth Circuit.

May 21, 1959.

356

John H. Ranz, of Manchester, Bennett, Powers & Ullman, Youngstown, Ohio, for appellants.

Warren M. Briggs, Cleveland, Ohio, and Robert C. Knee, Dayton, Ohio, for appellees.

Before McALLISTER and MILLER, Circuit Judges, and CHOATE, District Judge.

PER CURIAM.

In October, 1958, an election of officers and trustees of Local 377 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America was about to be held in Youngstown, Ohio. Appellants, William J. Gaw, Joseph Sammartino and Joseph L. Carelly, had been nominated for office, when appellees, Higham, Kaufman, Schwartz and Zangara, incumbent officers and trustees, filed a complaint alleging that Gaw, Sammartino and Carelly were not eligible for election to any office in the Local, and asking for a declaratory judgment determining their rights and legal relations in accordance with the pertinent provisions of the Constitution of the International. The complaint also named as defendants, James R. Hoffa, the president, John English, the secretary-treasurer, and John Rohrich, a trustee, of the International, as well as three Monitors of the International, theretofore appointed by the United States District Court for the District of Columbia. Appellees set forth in their complaint that the action involved the interpretation of the Constitution of the International with respect to the eligibility of members as officers; that an amendment of the Constitution of the International, adopted in 1957, required that all members, paying dues to local unions, must pay them on or before the first business day of the current month, in advance, and that where, as in the case of Local 377, membership dues were checked off by the employer pursuant to properly executed check-off authorization, it should be the obligation of members to make one payment of one month's dues, in advance, to insure their good standing; that to be eligible for election to any office of a local union, a member must be in continuous good standing for a period of two years, prior to nomination. Appellees further set forth in their complaint, asking for a declaratory judgment, that none of the three defendants—who are the appellants in this case—had paid their dues in advance as of the first day of the month, as required by the recently amended Constitution; that the above mentioned Monitors had held that reasonable notice was not given to appellants of the constitutional amendment providing for advance payment of dues, and that, in fact, they had no such notice; that the Monitors had also determined that it would be unconscionable to hold appellants ineligible for office on the ground that they had not paid such dues in advance and that the election, accordingly, should proceed with the names of appellants on the ballots as candidates for office in the Local. Appellants then asked that the declaratory judgment prayed for, fix and determine the rights, liabilities, duties, responsibilities and legal relations of the parties thereto, at the same time for an injunction enjoining and restraining the defendants named in the complaint, or any of them, from proceeding with the election of officers of Local 377. After the filing of an

amended complaint, based on diversity of citizenship, in which the plaintiffs set forth that appellees Gaw, Sammartino and Carelly were proper, but not necessary parties defendant therein, appellants moved to dismiss the complaint for want of jurisdiction on the ground that the action was between citizens of the same state. Thereupon, plaintiff appellees herein, Higham, Kaufman, Schwartz and Zangara, moved to dismiss the complaint as to complainants Gaw, Sammartino and Carelly and also as to the trustee of the International, Rohrich. The District Court, against the objections of appellants, granted the motion, and appellants and Rohrich were formally dismissed as parties. That left Higham, Kaufman, Schwartz and Zangara as plaintiffs and Hoffa and English as defendants. There was no dispute between them. They all were opposed to appellants, and wanted to prevent them from being candidates for office, and from being elected to office. Thereafter, the District Court proceeded to the trial of the case, and filed findings of fact and conclusions of law in which it was held that, under the Constitution of the International, Gaw, Sammartino and Carelly were ineligible for office because they had not complied with the amendment of the Constitution of the International providing for payment of one month's dues in advance by all members, including those whose dues were paid directly by the employer to the Union in the so-called check-off system, and that, accordingly, they were not in good standing, and were ineligible for election to office. The District Court further held that it was the duty of James R. Hoffa, general president of the International, to enforce the provisions of the Constitution of the International, and, in pursuance thereof, to prevent the names of ineligible members from appearing on the ballot of the Local elections; and an injunctive decree was entered to the foregoing effect. From such decree, appeal was taken.

▆ The only genuine controversy in this case was whether appellants were eligible candidates for offices in Local 377. In the original complaint, it was alleged that the action involved an actual controversy between appellees and appellants. Indispensability of parties is determined on practical considerations. Shaughnessy v. Pedriero, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868. An indispensable party is one who not only has an interest in the controversy but an interest of such a nature that a final decree can not be made without either affecting that interest or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience. Appellants were indispensable parties in the action filed by Higham, Kaufman, Schwartz and Zangara for the declaratory judgment. Kentucky Natural Gas Corporation v. Duggins, 6 Cir., 165 F.2d 1011; Schuckman v. Rubinstein, 6 Cir., 164 F.2d 952. In a declaratory judgment action where indispensable parties defendant are citizens of the same state as plaintiffs, and their interests are adverse to plaintiffs, a federal court has no jurisdiction founded on diversity of citizenship, even though the remaining defendants are citizens of different states than plaintiffs. Diversity must exist between all plaintiffs on the one hand, and all defendants on the other. Schuckman v. Rubinstein, supra. Appellants, in their motion to dismiss for want of jurisdiction, set forth that the action commenced by plaintiffs was one between citizens of the same state; and it was, obviously, because of the existence of this fact that the plaintiffs in the District Court moved to dismiss them as parties defendant. While the District Court did not act upon the motion to dismiss the case for want of jurisdiction, and the record does not contain specific findings as to appellants' citizenship, there appears to be no question but that they are citizens of the same state as plaintiffs.

In consideration of the foregoing, the order of the District Court dismissing appellants as party-defendants is vacated and the case is remanded to the District Court for further proceedings. If the

**358**

record disclose, on remand, that appellants are citizens of the same state as plaintiff-appellees, the action should be dismissed by the District Court for want of jurisdiction.

Lumbard, Circuit Judge, dissented in part.