CARMENA RICHARDS, Plaintiff

v.

ELECTION COMMITTEE OF ST. THOMAS–ST. JOHN
AMERICAN FEDERATION OF TEACHERS, AFL–CIO
BARBARA BRODHURST, Co-Chairperson
HELEN VESSUP, Co-Chairperson
MARY McGINNIS, LEURENE LAKE, Defendants

Civil No. 386/1977

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

August 24, 1977

Maria Tankenson Hodge, Esq., St. Thomas, V.I., *for defendants*

Brenda J. Hollar, Esq., St. Thomas, V.I., *for plaintiff*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION AND ORDER

Plaintiff Carmena Richards, an unsuccessful candidate for President of the St. Thomas-St. John Federation of Teachers, American Federation of Teachers, AFL–CIO, Local 1825 (hereinafter Local 1825), seeks to set aside the May 9, 1977, election of officers of Local 1825. Specifically, plaintiff asks this court to declare the election null and void, to issue a preliminary and permanent injunction directing the defendants to set aside the election and its results, and that the court direct that a new election be held in compliance with Local 1825's constitution and by-laws under the supervision of the Commissioner of Labor.[1]

---

[1] The complaint was filed on May 18, 1977, only a few days after the disputed election. Service was perfected on May 19 and May 20, 1977. An entry of appearance was filed on behalf of the defendants on May 26, 1977, and an answer was filed June 8, 1977. Also on June 8, 1977, plaintiff moved for a speedy hearing because the school year was terminating on June 15, 1977, and many of her witnesses would be leaving the island. The court set the matter for hearing on June 10, 1977, but defendants' counsel, because of prior conflicts, asked for a continuance and the matter was reset for June 13, 1977. Defendants filed a motion to dismiss which prompted the filing of an amended complaint by plaintiff and the matter came on for hearing on June 13, 1977, on plaintiff's amended complaint. The hearing was limited solely to plaintiff's prayer for a preliminary injunction. After hearing the testimony of the parties and the witnesses the court took the matter under advisement and asked counsel to submit proposed findings of fact and memoranda which were submitted on July 8, 1977.

Plaintiff claims she is entitled to this relief because the May 8, 1977, election violated Local 1825's constitution and by-laws and because she was denied the right to participate in a fair election.

JURISDICTION

1. *Applicability of Labor-Management Reporting and Disclosure Act*

■ At the outset of the June 13, 1977, hearing the court raised the question whether the Labor-Management Reporting and Disclosure Act of 1959 (hereinafter LMRDA), Pub. L. 86–257, 29 U.S.C. § 401 et seq., precluded this court from entertaining this action because the LMRDA requires the filing of a complaint with the United States Secretary of Labor to challenge a union election, Title 29 U.S.C. § 482, and because no such complaint had been filed by the plaintiff. There is no dispute, however, that all members of Local 1825, including the plaintiff and the defendants, are public school teachers whose sole employer is the Government of the Virgin Islands. It is

settled in this Circuit that the provisions of LMRDA are not applicable to government unions. A union consisting exclusively of government employees is not subject to the statutory prohibitions and rights created by LMRDA.

Local 1498, American Federation of Government Employees v. American Federation of Government Employees, AFL–CIO, 522 F.2d 486, 489 (3d Cir. 1975).[2]

2. *Basis for Territorial Court Jurisdiction*

Although I have concluded that this is not a matter to be resolved pursuant to the LMRDA, the question still

---

[2] There is no allegation that Local 1825 has sought or is seeking to represent non-public employees nor has it ever admitted such persons to membership. If that were the case, a strong argument would exist that this court does not have jurisdiction to hear this suit. Wright v. Baltimore Teachers Union, 369 F.Supp. 848 (D.Md. 1974).

remains as to whether this court has jurisdiction to entertain this suit. Defendants argue that there is no specific Virgin Islands statutory provision regarding "the right to participate in a fair election," which right is claimed by plaintiff. In addition, defendants contend plaintiff's cause of action does not fall under any generally recognized category of civil action and that plaintiff does not plead the existence of any contract upon which a right to a fair election could be based. As a result, defendants maintain this court does not have subject matter jurisdiction to hear this suit or grant the prayed for relief. Defendants are mistaken.

 It is clear that this court has the power to grant injunctive relief pursuant to Title 4 V.I.C. § 76, as amended by the Territorial Court Act, Act No. 3876 approved September 9, 1976. By that Act this court has been given concurrent jurisdiction with the United States District Court of all civil actions wherein the amount in controversy is between $500 and $50,000. With the abolition of the common law distinctions between law and equity,[3] there can be no doubt that this power includes the jurisdiction to grant injunctions.[4]

---

[3] Section 25 of the Revised Organic Act made the Federal Rules of Civil Procedure applicable to the District Court of the Virgin Islands. Rule 7 of the Rules Governing the Territorial Court, promulgated by the District Court pursuant to § 23 of the Revised Organic Act, provides: "The practice and procedure in the Territorial Court shall conform as nearly as may be to that in the district court in like cases, except where there is an expressed provision in the law or these rules to the contrary." 5 V.I.C. App. IV Rule 7. Pursuant to the Federal Rules of Civil Procedure and the rules of this court, "there shall be one form of action to be known as a 'civil action,'" 5 V.I.C. App. I Rule 2; 5 V.I.C. App. IV Rule 21. Rule 1 of the Federal Rules of Civil Procedure specifically eliminates any procedural distinction between law and equity, and there being no contrary law or rule of this court, the abolition of the distinction between law and equity applies to civil actions in this court. Government ex rel. Delores Miller, Family No. 10/1977 (Territorial Court, St. Croix, July 28, 1977); Homer v. Lorillard, 6 V.I. 558 (Mun. Ct. St. Croix 1967); Rickles v. Phillips, 5 V.I. 257 (Mun. Ct. St. Thomas and St. John 1965).

[4] The Territorial Court Act does not specifically give this court power to grant injunctions. The former Municipal Court had the power to grant injunctions, 4 V.I.C. § 74(4), and the intent of the Legislature in adopting Act No. 3876 clearly was to increase the jurisdiction of the new Territorial Court and not to limit or in any way reduce the powers of the former Municipal Court.

■ Consequently, it is well recognized that as a court of equity the Territorial Court of the Virgin Islands may provide the necessary safeguards to assure a fair union election. See, e.g., Cunningham v. English, 41 L.R.R.M. 2022 (D.D.C. 1957), aff'd, Teamsters v. Cunningham, 41 L.R.R.M. 2044 (D.C.Cir. 1957); Lacey v. O'Rourke, 147 F.Supp. 922 (S.D.N.Y. 1956); Cramond v. American Federation of Labor and Congress of Industrial Organizations, 267 Minn. 229, 126 N.W.2d 252 (1964); Gilbert v. Hoisting & Potable Engineers, Local Union No. 701, 237 Or. 130, 384 P.2d 136 (1963); Sibilia v. Western Electric Employees Association, 142 N.J.Eq. 77, 59 A.2d 251 (1948); Minnesota Council of State Employees, No. 19 v. American Federation of State, County, and Municipal Employees, 220 Minn. 179, 19 N.W.2d 414 (1945); O'Neill v. United Association of Journeymen Plumbers, 348 Pa. 531, 36 A.2d 325 (1944). See also Summers, Judicial Regulation of Union Elections, 70 Yale L.J. 1221 (1961); Cox, The Rule of Law in Preserving Union Democracy, 72 Harv. L. Rev. 609, 624–27 (1959); Wellington, Union Democracy and Fair Representation: Federal Responsibility in a Federal System, 67 Harv. L. Rev. 1327, 1347–49 (1958).

[T]he Union member has an enforceable interest in union elections of which the court in equity will be cognizant. It is as real and as needful of protection, surely, as money or chattels.

Dusing v. Nuzzo, 177 Misc. 35, 29 N.Y.S.2d 882 (S.Ct.1947), modified on other grounds, 263 App. Div. 59, 31 N.Y.S.2d 849 (1941). Clearly, therefore, this court has jurisdiction to grant the prayed for relief.

3. *Non-joinder of Indispensable Parties*

■■ Defendants, however, from the very outset also have asserted that the plaintiff has failed to join an indispensable party and plaintiff at no time has sought to

amend her complaint or sought leave to add any other parties. The caption of plaintiff's complaint is styled Carmena Richards v. Election Committee of St. Thomas-St. John American Federation of Teachers, AFL–CIO; Barbara Brodhurst, Co-Chairperson; Helen Vessup, Co-Chairperson Mary McGinnis, and Leurene Lake. There is no language, however, in the body of the amended complaint that names the Election Committee as a defendant. Paragraph 5 of the amended complaint avers:

> The defendants are all adult residents of the judicial division of St. Thomas-St. John, who at all times material hereto were duly appointed members of the Election Committee.

Paragraph 7 of the amended complaint alleges:

> Pursuant to Article XI section 3 of the Union's Constitution and By-Laws, the defendants were exclusively-vested with the authority to conduct the election of officers.[5]

Merely naming an individual or an organization as a party defendant in the caption of a complaint is not sufficient to make that individual or organization a party to a case.

> [T]he caption of an action is only the handle to identify it and ordinarily the determination of whether or not a defendant is properly in the case hinges upon the allegations in the body of the complaint and not upon his inclusion in the caption.

Hoffman v. Halden, 268 F.2d 280, 303–04 (9th Cir. 1959).

Plaintiff, in her memorandum, argues that paragraph 5 should not be read so narrowly as to limit the cause of action to the defendants in their individual capacities because

> [s]uch an interpretation was not intended since the thrust of plaintiff's sought after relief is to have the election and the results

---

[5] Article XI, section 3 of Local 1825's constitution and by-laws provides:
> The Election Committee shall be appointed in February of odd-numbered years and shall conduct the elections of officers.

> Pursuant to section 1 of Article XI the election committee members are appointed by the president.

set aside by those persons ultimately responsible, namely the Election Committee.

Despite this assertion, at no time did plaintiff seek to amend the complaint to make it clear that the election committee was a named defendant. Even if that were done, this court does not believe that would remedy what is a fatal defect in the amended complaint, and that is the failure to join either the local or the officers who were certified as elected.

The court has been unable to find any case directly on point, but cases construing Rule 19 of the Federal Rules of Civil Procedure, Title 5 V.I.C. App. I R.19, as well as case law on the general subject cause this court to conclude that the union and the elected officers should be named as parties and are indispensable. Gaw v. Higham, 267 F.2d 355 (6th Cir. 1959), cert. denied, 360 U.S. 933 (1959), certainly stands for that proposition. In Gaw, incumbent officers filed a complaint alleging that three candidates for office of a local union were not eligible to be elected and asked for declaratory relief. The candidates whose eligibility was challenged originally were named as defendants but were dismissed because their inclusion as parties would have divested the district court of its diversity jurisdiction. The Sixth Circuit, however, held that the challenged candidates were indispensable parties.

An indispensable party is one who not only has an interest but an interest of such a nature that a formal decree cannot be made without either affecting that interest or leaving the controversy in such a condition that a final determination may be wholly inconsistent with equity and good conscience. Appellants were indispensable parties.

Gaw v. Higham, supra at 357.

Where the sole relief sought was an injunction maintaining the plaintiff's position as a candidate for presidency of the defendant union, the court in Brown v. Mailers Union, 42 L.R.R.M. 2533 (E.D.Pa. 1958) said:

This relief can be effective only through the union. No injunction against the individuals can prevent the union from refusing to put the plaintiff's name on the ballot. The union is, therefore, an indispensable party and must be joined, but such joinder deprives him of the requisite diversity.

The question of diversity runs through virtually all of the cases that consider whether the union and its officers are indispensable parties in actions regarding union affairs. Underwood v. Maloney, 256 F.2d 334 (3d Cir. 1958) (action to enjoin enforcement of decision of executive board of international union); Hanson v. Hutcheson, 217 F.2d 171 (7th Cir. 1954) (action for accounting); Fitzgerald v. Haynes, 241 F.2d 417 (3d Cir. 1957) (action to restrain officers from using or disposing of property); Fitzgerald v. Jandreau, 16 F.R.D. 578 (S.D.N.Y. 1958) (action to prevent disaffiliation of local); Gray v. Reuther, 99 F.Supp. 992 (E.D. Mich. 1951), aff'd, 201 F.2d 54 (6th Cir. 1952) (action to set aside union election).

In Gray v. Reuther, supra, the plaintiff alleged that he had the right to occupy the office of financial secretary of the local, that an election held by the local should be set aside, and that the defendants should be required to give an accounting of money and assets of the local. The court said

[I]t is clear that in essence the relief requested involves the status and internal affairs of Local 12, which plaintiff has failed to name as a party defendant. The court is asked to set aside an election held by this local and restore plaintiff to an official position in that local.

The rights asserted against the named defendants arise out of their official positions in the International Union, and a decree against them individually could not determine the entire controversy. The Toledo local is an indispensable party.

Id. at 994. Again, had the local union been joined, diversity of citizenship would not have existed and the court would have lacked jurisdiction. This clearly is not the case in the instant action. Even though the cases cited above all

involved the question of diversity, there is other authority for the proposition that the union and its officers are indispensable parties. Mamula v. United Steel Workers of America, 409 Pa. 175, 185 A.2d 175 (1962); Cauley v. Quill, 42 L.R.R.M. 2075 (S.Ct.N.Y. 1958).

In Mamula the court found that it no longer had jurisdiction once an election was held because of the applicability of LMRDA. As a result, the court said it was not necessary to dispose of the contention that the appellee-union member had failed to join the local and its officers as indispensable parties. The court added,

It should be noted in passing, however, that several cases point strongly towards the necessity of joining the local and its officers.

185 A.2d at 598. Cauley v. Quill, supra, suggests that, at a minimum, either the local or the elected officers must be made parties. There the action was to set aside for fraud an election of officers of the local. In response to a motion by the defendants to dismiss the complaint as insufficient as to them the court stated:

Since the moving defendants other than the local were declared elected they are obviously conditionally necessary, if not indispensable parties to this action in equity brought to adjudge their election void.

The rationale for including the union and its officers as expressed in the cited cases and in Rule 19 clearly is applicable to the case sub judice. In the instant election, seven officers as well as two convention delegates were up for election. The only office that was contested was that of the union presidency, between the plaintiff and Hugo Dennis, the incumbent president. Title 5 V.I.C. App. I Rule 19 requires the joinder of persons subject to service of process when joinder of a person will not deprive the court of jurisdiction if:

(1) in his absence complete relief cannot be accorded among those already parties, or

(2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

The rights asserted against the named defendants arise out of their positions in Local 1825 and a decree against them individually could not resolve the entire controversy without joining the local. Moreover, since plaintiff seeks to set aside the entire election and not just that of Mr. Dennis, all of those elected clearly have an interest related to the disputed election and are so situated that the disposition of this action in their absence may as a practical matter impair or impede their ability to protect that interest. This court also believes that in the absence of the local and the elected officers complete relief therefor cannot be accorded. In addition, since the local and the elected officers are not before the court they cannot be bound by any judgment rendered by it, nor would such a judgment be res judicata as to them. Finally, joinder is jurisdictionally feasible in the instant case and would provide complete, consistent, and efficient settlement of the controversy.

Accordingly, plaintiff shall be given 10 days from the date of this order to amend her complaint to join the local and any elected officers and delegates whose election plaintiff seeks to set aside. Failure of plaintiff to so act within 10 days will result in this action being dismissed.

Wherefore, it is

ORDERED that plaintiff be and is granted 10 days from the date of this order to amend her complaint in conformity with the opinions expressed herein. Failure of plaintiff to act within said 10 days will result in the entry of an order dismissing the amended complaint.